IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

AUDIO VISUAL CONCEPTS, INC.,

     Plaintiff,

        v.

SMART TECHNOLOGIES, ULC;
NEXSYS INTERNATIONAL, INC.,

     Defendants.

CIVIL NO. 11-1551 (JAG-CVR)

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiff Audio Visual Concepts, Inc., (hereafter plaintiff "Audio Visual") filed a Complaint and petition for preliminary injunction against defendants Smart Technologies, ULC (hereafter defendant "Smart Technologies")  and Nexsys International, Inc.,[1] for alleged breach of the distribution agreement for Smart Technologies' brand products in Puerto Rico and the Caribbean.  Plaintiff Audio Visual submits defendant Smart Technologies notified its intention to change the distribution relationship which existed between the parties thus incurring in a violation of the Puerto Rico Dealer's Act, Law No. 75 of June 24, 1964, as amended.  10 P.R. Laws Ann. §§278 *et seq*.

Plaintiff Audio Visual's complaint against above defendants avers the parties executed a distribution contract for Smart Technologies' label products in Puerto Rico and the Caribbean since the year 1993.  On December of 2010, Smart Technologies notified plaintiff Audio Visual it was expanding its distribution network and effecting a new reseller

---

[1] On August 24, 2011, an Amended Complaint was filed and summons were issued for Nexsys International LC which is the proper co-defendant in this case and not Nexsys International Inc. as originally  included in the Complaint.  (Docket Nos. 20, 24 and 25).  Nexsys International LC has not appeared as of yet.

Audio Visual Concepts, Inc. v. Smart Technologies, ULC et al.
Civil 11-1551 (JAG/CVR)
Opinion and Order
Page 2

model which plaintiff construed as a unilateral decision to terminate and/or impair the parties' distribution relationship under Law No. 75.  Thereafter, plaintiff received a letter from an employee of co-defendant Nexsys, a Florida corporation, as representing the Product Manager for Smart Technologies, introducing Mr. Brandon Solis as the point of contact at Nexsys to provide with price list and credit application process as to Smart Technologies' products.  Plaintiff Audio Visual avers that, on account of the Puerto Rico Department of Education purchasing of Smart Technologies' products from Audio Visual without competitive bidding, it is considered a sole distributor of said products in Puerto Rico, which plaintiff notified to Smart Technologies.  Smart Technologies thereafter indicated, through a letter to the Department of Education, that Audio Visual was indeed the authorized distributor in Puerto Rico and the Caribbean of said Smart Technologies' products.  Resting of being considered the exclusive distributor of these products, Audio Visual construes the alleged unilateral designation of Nexsys as distributor of Smart Technologies products and to force plaintiff to acquire said products through the latter instead of directly from Smart Technologies as it had done during the last eighteen (18) years, without cause, as a tort act and a violation of Law No. 75. On these grounds, plaintiff Audio Visual filed this federal complaint on diversity jurisdiction and requesting a preliminary injunction be issued. (Docket Nos. 1 and 24).

Plaintiff Audio Visual's request for a preliminary injunction was thereafter referred to this United States Magistrate Judge and the preliminary injunction hearing was scheduled, upon agreement of the parties, for  September 29-30 and October 3, 2011. (Docket Nos. 11, 12 and 27).

Audio Visual Concepts, Inc. v. Smart Technologies, ULC et al.
Civil 11-1551 (JAG/CVR)
Opinion and Order
Page 3

On August 26, 2011, defendant Smart Technologies filed a "Motion to Stay Proceedings or to Dismiss based on Arbitration Agreement" requesting the proceedings be stayed and a motion to dismiss be entertained based on an arbitration clause contained in plaintiff's distribution agreement, alleged to have been breached, which mandates that any controversy between the parties be arbitrated in Calgary, Canada under Canadian law. Smart Technologies, which is an entity organized under the laws of the Province of Alberta, Canada, with main offices and place of business in Calgary, Canada, submitted with its Motion to Stay or Dismiss a copy of the non-exclusive Authorized Distribution Agreement (hereafter "the Agreement") which was signed with plaintiff on December 3, 2002, and amended on May 26, 2003, for distribution of all Smart Technologies products. This Agreement included an arbitration clause requiring all disputes arising out or relating to the Agreement to be referred to an settled by final and binding arbitration. It also contained a choice of law clause which requires that Canada laws were to be applied to the claims in arbitration. The Agreement also superseded any oral or written contract which may have existed between the parties concerning all Smart Technologies' products. (Docket No. 26).

On September 9, 2011, plaintiff Audio Visual filed its opposition to defendant Smart Technologies' request and it does not negate the arbitration clause. Plaintiff Audio Visual submits in opposition that an issue of fact should be considered as to the validity of the arbitration clause for which the pending action should not be stayed and any factual issue of the arbitration clause and choice of law provisions should be decided by a jury. Plaintiff submits defendant has attempted to circumvent the provisions of state Law No. 75 as to the

distribution relationship between the parties by including said arbitration clause in the distribution agreement.  In addition, plaintiff Audio Visual claims such request is but a mechanistic application of the Federal Arbitration Act to the instant case.[2]  It refers to a previous distribution agreement between the parties of more than ten (10) years prior to the establishment of the Agreement referred to by defendant, which it considers a boilerplate contact of adhesion[3] to circumvent the provisions of state Law No. 75, for under Canadian law distributors do not enjoy the same degree of protection.  Plaintiff Audio Visual further contends that, even if such provisions in the Agreement are deemed valid, it could only be so at the beginning or when the parties were initially establishing their distribution relationship, which predates the Agreement.  (Docket No. 28).

On September 12, 2011, the Court referred to this United States Magistrate Judge the "Motion to Stay Proceedings or to Dismiss based on Arbitration Agreement." (Docket No. 30).

## LEGAL DISCUSSION

Defendant Smart Technologies submitted with its Motion to Stay and Dismiss a copy of the Agreement, a discussion of the clause related to arbitration and a statement under penalty of perjury of Mr. Patric Nagel, Vice President, Sales (Americas) as to the non-exclusive written Agreement executed between the parties dated December 3, 2002 and amended on May 26, 2003.

---

[2]  Federal Arbitration Act, 9 U.S.C.A. § 4.

[3]  The mere fact that a contract is one of adhesion does not render it *per se* unenforceable. *See* Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10 (1st Cir. 2009).  Adhesion does not imply nullity of a contract.  Nieves v. Intercontinental Life Ins. Co. of P.R., 964 F.2d 60, 63 (1st Cir. 1992).

Audio Visual Concepts, Inc. v. Smart Technologies, ULC et al.
Civil 11-1551 (JAG/CVR)
Opinion and Order
Page 5

A review of the Agreement, which existence and content were not discussed or refused by plaintiff in its opposition which is only limited to counsel's arguments as to disputed issues of facts, clearly refers to:

(a) The Agreement provides in ¶¶ 9,10 for an arbitration clause and a choice of law clause in that all disputes arising out or related to the Agreement, as amended, including to the Agreement's formation, performance, breach, or termination, was to be referred to and settled by final and binding arbitration. The choice of law clause requires that Canadian law be applied to all claims in arbitration.[4]

(b) The Agreement also indicates that it supersedes any oral or written agreement which may have existed between the parties concerning all Smart Technologies' products. *Agreement ¶11(A), Appendix A.*

(c) Smart Technologies has not received any request to arbitrate from plaintiff Audio Visual and is willing to comply with its arbitration obligations.

The Agreement appears signed by Ms. Nancy I. Knowton, President and Chief Operating Officer for defendant Smart Technologies, and by Mr. Manuel Frias Jr., President of Audio Visual on December 3, 2002 and November 25, 2002, respectively.

From the averments of the Complaint and the Agreement, plaintiff Audio Visual has been a corporation organized and existing under the laws of the Commonwealth of Puerto Rico. Defendant Smart Technologies is a corporation organized and existing under the laws of Canada, with principal place of business in Calgary, Alberta Province, Canada.

---

[4] The forum selection clauses are generally accepted covenants which bind the parties contractually. *See* Mitsubishi Motors Corp. v. Chrysler-Plymouth, Inc., 473 U.S. 614 (1985) (finding by the Court that a Law 75 Puerto Rico distributorship agreement was subject to a forum selection agreement to litigate in Japan); Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972).

Audio Visual Concepts, Inc. v. Smart Technologies, ULC et al.
Civil 11-1551 (JAG/CVR)
Opinion and Order
Page 6

With the above contentions, it is clear from the record that federal law preempts the direct application of section 278b-2, the Puerto Rico Dealer's Act as choice of law in the instant case, as well as upon the parties' agreement in the contract executed between them which provides for application of the laws of Canada to the arbitration issues thereunder.

Under Title 9,  United States Code, Section  2, arbitration agreements are declared valid and enforceable as a matter of preemptive federal law, "save upon such grounds as exist at law or in equity for the revocation of *any* contract" (emphasis added); state laws like 10 L.P.R.A. § 278b-2 that single out arbitration agreements are preempted. *See* Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 723 F.2d 155 (1st Cir. 1983) and 814 F.2d 844 (1st Cir. 1987) (denying under *res judicata* allegations of financial inability to participate in foreign arbitration proceedings).  Coors Brewing Co. v. Molson Breweries, 51 F.3d 1511 (10th Cir. 1995).

As such, the Federal Arbitration Act preempts the Puerto Rico Dealers' Act to the extent that it negates, as against public policy, arbitration clauses which provide for arbitration of controversies outside of Puerto Rico, or under foreign law or rule of law. Mitsubishi, 723 F.2d at 158; Protane Gas Co. v. Sony Consumer Products Co., 613 F.Supp. 215, 217 (D. Puerto Rico 1985) (granting defendant's motion for stay of proceedings and compelling arbitration despite plaintiff's assertion arbitration clause requiring resolution of controversies by arbitration in New York City violated Puerto Rico public policy under 10 L.P.R.A. § 278b-2)).  *See* Medika Intern. v. Scanlan Intern, Inc., 830 F.Supp. 81 (D. Puerto Rico 1983); *see also* Southland Corp. v. Keating, 465 U.S. 1, 104 S.Ct. 852, 858 (1984) (similarly California Franchise Investment Law requiring a judicial forum for

Audio Visual Concepts, Inc. v. Smart Technologies, ULC et al.
Civil 11-1551 (JAG/CVR)
Opinion and Order
Page 7

resolution of claims which parties had agreed to resolve by arbitration violated the Federal

Arbitration Act and the Supremacy Clause).

The decision whether to stay nonarbitrable claims pending arbitration is largely

within the discretion of the trial court.  The First Circuit has held that, when plaintiff's

claims are interrelated and arbitration serves to "clarify and perhaps even simplify the

remaining issues which must be litigated," "a stay of both the arbitrable and the non-

arbitrable claims is within the trial court's sound discretion.  <u>Sevinor v. Merrill, Lynch,</u>

<u>Pierce, Fenner & Smith, Inc.</u>, 807 F.2d 16, 20 (1st Cir. 1986); *see also* <u>D.J. Mfg. Corp. v. Tex-</u>

<u>Shield, Inc.</u>, 998 F.Supp. 140, 146 (D. Puerto Rico 1998).

In addition, the Agreement between the parties herein (plaintiff Audio Visual and

defendant Smart Technologies) provides for the use of the International  Rules of the

American Arbitration Association at ¶9.  Arbitrators are normally empowered to grant

interim relief unless the parties specify otherwise in the contract.  <u>Next Step Medical Co.,</u>

<u>Inc. v. Johnson & Johnson Intern.</u>, 619 F.3d 67 (1st Cir. 2010).[5]

It is clear from the pleadings before the Court, that defendant Smart Technologies'

request to stay on account of an arbitration clause in the Agreement before the parties

would serve the best purpose in the present action and it falls within the discretion of the

Court.

---

[5]  Where one side is entitled to arbitration of a claim brought in court, a district court can, in its discretion, choose to dismiss the lawsuit, if all claims asserted in the case are found arbitrable.

Audio Visual Concepts, Inc. v. Smart Technologies, ULC et al.
Civil 11-1551 (JAG/CVR)
Opinion and Order
Page 8

Having the Court delegated to this United States Magistrate Judge the resolution of the motion filed by defendant and said motion being considered non-dispositive,[6] defendant Smart Technologies' "Motion to Stay Proceedings or to Dismiss based on Arbitration Agreement" to compel arbitration (Docket No. 26) is **GRANTED.**

### CONCLUSION

In view of the foregoing, defendant Smart Technologies' "Motion to Stay Proceedings or to Dismiss based on Arbitration Agreement" to compel arbitration (Docket No. 26) is **GRANTED.**

As such, the preliminary injunction hearing scheduled for September 29-30 and October 3, 2011 (Docket No. 27) is **VACATED**.[7]

Finally, this case is **STAYED** subject to arbitration under the Agreement**,** as requested by defendant Smart Technologies.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 14th day of September of 2011.

> s/CAMILLE L. VELEZ-RIVE
> CAMILLE L. VELEZ-RIVE
> UNITED STATES MAGISTRATE JUDGE

---

[6] *See* Next Step Medical, 619 F.3d at 69 n.2, stating that, where district judge delegates disposition of non-dispositive motions under 28 U.S.C. 636(b)(1) (2006), motions to compel arbitration are considered non-dispositive motions in the First Circuit's courts. *See also* Power Share, Inc. v. Syntel, Inc., 597 F.3d 10, 14 (1st Cir. 2010). As such, this matter is resolved via an Opinion and Order instead of a Report and Recommendation.

[7] *See* Teradyne, Inc. v. Mostek Corp., 797 F.2d 43 (1st Cir. 1986) in which the First Circuit believed a district court can grant injunctive relief in an arbitrable dispute pending arbitration, provided the prerequisites for injunctive relief are satisfied.